UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.G.,<br><br>    Plaintiff,<br><br>  v.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security,<br><br>    Defendant. | Case No. 18-cv-03492-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 30 |

## I.  INTRODUCTION

Joshua B. Kons ("Counsel"), who represented L.G. in this matter under a contingency fee agreement, brings a Motion for Attorney's Fees Under 42 U.S.C. § 406(b) ("Motion"), seeking an award of $24,899.92. in attorney fees for work before this Court. For the reasons stated below, the Motion is GRANTED.[1]

## II.  BACKGROUND

L.G. entered into a contingent fee agreement with Counsel providing that Counsel would be awarded 25 percent of all past-due benefits L.G. received as a result of this action. Dkt. no. 30-1. The parties filed cross motions for summary judgment and the Court granted Plaintiff's motion, reversing the decision of the Commissioner and remanding for further proceedings. Dkt. no. 20. On February 10, 2020, the Court approved a stipulated award of $5,000 in fees and $400 in costs under the Equal Access to Justice Act ("EAJA"). Dkt. no. 26 ("EAJA stipulation").

On March 27, 2024, the Social Security Administration issued a Notice of Award,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

indicating that it was awarding $99,599.70 in past-due benefits to L.G. Dkt. no. 30-2. The notice further states that L.G.'s counsel "may ask the court to approve a fee no large than 25 percent of past due benefits." *Id.* Although 25 percent of L.G.'s past-due benefits amounts to only $24,899.92, the notice states that the Social Security Administration is withholding $92,399.70 to cover the Court's fee award. *Id.*

Counsel asks the Court to award 25 percent of L.G.'s past due benefits ($24,899.92) in attorney's fees under 42 U.S.C. § 406(b). He argues that the request is reasonable under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), especially as the award will be offset by the EAJA fees awarded in this case. He has supplied evidence that he spent 21.7 hours on the case. Dkt. no. 30-4.

### III.  ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94. Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved."

2

1  *Gisbrecht*, 535 U.S. at 808.  The Ninth Circuit has read *Gisbrecht* to mean that "court[s] may
2  properly reduce the fee for substandard performance, delay, or benefits that are not in proportion
3  to the time spent on the case."  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing
4  *Gisbrecht* 535 U.S. at 808).  In this analysis, courts "generally have been deferential to the terms
5  of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates
6  may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness
7  determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant
8  to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v.*
9  *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

10  In addition to the fees permitted under § 406(b), the EAJA, enacted in 1980, allows a party
11  who prevails against the United States in court, including a successful Social Security benefits
12  claimant, to receive an award of fees payable by the United States if the Government's position in
13  the litigation was not "substantially justified."  *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. §
14  2412(d)(1)(A)).  In contrast to fees awarded under § 406(b), EAJA fees are based on the "time
15  expended" and the attorney's "[hourly] rate."  28 U.S.C. § 2412(d)(1)(B).  In *Gisbrecht*, the
16  Supreme Court explained that "Congress harmonized fees payable by the Government under
17  EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in
18  this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must
19  refun[d] to the claimant the amount of the smaller fee.'"  535 U.S. at 796 (citing Act of Aug. 5,
20  1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)).  Accordingly, "an EAJA award offsets an
21  award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent
22  of the past-due benefits."  *Gisbrecht*, 535 U.S. at 796.

23  Here, Counsel seeks $24,899.92 in attorney fees, which is 25 percent of the past-due
24  benefits awarded to L.G.   The Court finds Counsel's request to be reasonable under *Gisbrecht*.
25  First, Counsel has presented a valid contingent fee agreement.  Second, Counsel has supplied
26  timesheets documenting hours worked, which the Court finds to be reasonable.  Third, there is no
27  evidence that Counsel's work was substandard or that the fee award is disproportionate to the
28  amount of work on the case and the effective hourly rate of $1,147.46 is within the range of what

3

courts have approved under Section 406(b). *See, e.g., L.M. v. Kijakazi*, No. 17-CV-03562-JCS, 2023 WL 7251505, at *3 (N.D. Cal. Nov. 2, 2023) (approving effective hourly rate of $2,145); *J.P. v. Kijakazi*, No. 22-CV-00947-VKD, 2023 WL 7026928, at *2 (N.D. Cal. Oct. 25, 2023) (Observing that "[i]f all timekeepers are counted, [the] requested hourly rate is $1,500 [and if] only the 3.1 hours of attorney time is considered, the requested hourly rate exceeds $3,000" and finding that these rates "are also not out of line with what other courts in this district have approved."); *Truett v. Berryhill*, No. 13-CV-2742 W (BLM), 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding effective hourly rate of $1,788.62 under a contingent fee agreement). Moreover, Counsel obtained an excellent result for his client and took on the risk of contingent representation.

Accordingly, the Court finds that Counsel is entitled to the requested amount of $24,899.92 in attorney fees under 42 U.S. § 406(b).

**IV.  CONCLUSION**

The Motion is GRANTED. Counsel is awarded $24,899.92 in attorneys' fees. The EAJA fees previously awarded to Counsel in this case, in the amount of $5,400, shall be paid to L.G.

**IT IS SO ORDERED.**

Dated: June 13, 2024

JOSEPH C. SPERO
United States Magistrate Judge